Filed 2/2/22  P. v. Adiova CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079112 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN374491) |
| ESTELITO ADIOVA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Amalia L. Meza, Judge.  Affirmed.

Patrick Dudley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Estelito Adiova appeals a postjudgment order denying his motion to vacate his 2017 guilty plea to a felony offense.  Adiova's motion to vacate was

1

based on Penal Code[1] sections 1016.5 and 1473.7 and a claim of ineffective assistance of counsel. He also has filed with this court a separate petition for writ of habeas corpus, which petition again alleges ineffective assistance of counsel. (See, *In re Adiova*, D079804.) We have considered his petition concurrently with his appeal and issued a separate opinion denying it.

FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 2017, in return for a stipulated 32-month prison term, Adiova pled guilty to one count of possession for sale of a controlled substance (Health & Saf. Code, § 11378) and admitted the truth of allegations under sections 667, subdivision (b) through (i), 1170.12, and 668. His three-page change of plea form included, among other things, paragraph 7d on page two, which paragraph Adiova initialed, stating:

> "I understand that if I am not a U.S. citizen, this plea of Guilty/No Contest may result in my removal/deportation, exclusion from admission to the U.S. and denial of naturalization. Additionally, if this plea is to an 'Aggravated Felony' listed on the back of this form, then I **will be** deported, excluded from admission to the U.S., and denied naturalization."

On the reverse side of that page, the offense of possession for sale of any controlled substance was listed as an "aggravated felony." In addition, Matthew Wechter, Adiova's defense counsel, signed a statement on the change of plea form, representing that he had "personally read and explained to [Adiova] the entire contents of this plea form" and, in particular, that he had "discussed . . . the consequences of this plea, including any immigration consequences."

---

[1] All statutory references are to the Penal Code unless otherwise specified.

2

At his change of plea hearing, Adiova confirmed that he had read the plea form carefully, understood it, and then initialed and signed it. However, the trial court did not expressly advise him of the immigration consequences of his plea as required by section 1016.5. The court accepted his guilty plea and sentenced him to 32 months in prison.

On March 13, 2020, Adiova filed a motion to vacate his guilty plea pursuant to section 1016.5. In his petition, he alleged that his defense counsel failed to advise him that he would have immigration consequences as a result of his guilty plea. The prosecution opposed his motion to vacate, arguing that Adiova had signed the plea form and initialed paragraph 7d thereof and his defense counsel had signed a statement representing that he had discussed with Adiova the immigration consequences of his plea. In a memorandum of points and authorities filed in support of Adiova's motion to vacate, his new counsel argued: (1) Adiova was entitled to relief under sections 1016.5 and 1473.7 because he was not adequately advised by the court and his defense counsel of the immigration consequences of his guilty plea; and (2) he was entitled to withdraw his guilty plea because he was denied effective assistance of counsel based on his defense counsel's failure to advise him of the immigration consequences of his guilty plea.

On April 30 and May 3, 2021, the court conducted an evidentiary hearing on Adiova's motion to vacate. Adiova testified remotely from an immigration detention facility. He testified that his defense counsel never discussed with him any potential immigration consequences, such as deportation, before he pleaded guilty. He testified that if he had been advised that his guilty plea would lead to his deportation, he would not have pled guilty and instead proceeded to trial on the charges against him. Adiova also testified regarding his prior burglary conviction that resulted in a prior

3

immigration proceeding after his release from prison. Although an immigration judge had issued a removal order in that prior proceeding, that removal order was reversed on appeal and Adiova was allowed to remain in the United States as a lawful permanent resident.

Wechter, Adiova's defense counsel, testified that at Adiova's first readiness conference he had noted Adiova had an immigration hold on him. Regarding Adiova's change of plea form, Wechter testified that it was his "habit, custom, and practice" to discuss immigration consequences with defendants like Adiova who had an immigration hold and he would always explicitly read to them the paragraph regarding immigration consequences. However, he did not have a specific recollection of whether he had done so in Adiova's case.

The court took judicial notice of Adiova's change of plea form, heard arguments of counsel, and then stated:

> "[I]t stretches credulity that he or his defense attorney would think that somehow they could get a better deal that didn't have immigration consequences.
>
> "And as to whether or not, you know, he is a man who would never take a deal that might jeopardize his immigration, all I have to do is look at his prior case where the plea said he will be deported in the plea form and that involved a prior strike, which resulted in the defendant going through the deportation proceedings. So he had prior[ ] knowledge and experience of immigration consequences resulting from a criminal conviction.
>
> "But what happened in that prior case was that he beat the immigration consequences and he got a green card back.
>
> "And so I think he–based on the evidence that he realized that, yes, there are immigration consequences that flow from criminal consequences, but if you're lucky, you can beat them. And I think maybe that's what happened here

4

is that he thought he could gamble again and beat it a second time."

Accordingly, the court denied the motion to vacate.

## DISCUSSION

Adiova's appointed counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presents no argument for reversal of the order, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). To assist our review, counsel cites *Anders*, and identifies the following possible, but not arguable, issues: (1) did the trial court err in denying Adiova's motion to withdraw his guilty plea pursuant to section 1016.5; and (2) did the trial court err in ruling that Adiova failed to demonstrate the prejudicial error necessary for relief under section 1473.7?

We granted Adiova permission to file a supplemental brief on his own behalf, but he did not file one. Instead, he apparently chose to file a petition for writ of habeas corpus, which petition we address separately in *In re Adiova*, D079804. A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738 has disclosed no reasonably arguable appellate issues. Adiova was competently represented by counsel on this appeal.

## DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:

DATO, J.

DO, J.